# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DERRICK SCOTT (#126372)　　　　　　　　　　　CIVIL ACTION

VERSUS

TRISH FOSTER, ET AL.　　　　　　　　　　　　　NO. 13-0665-JJB-RLB

## RULING

This matter comes before the Court in connection with the Court's Order dated October 21, 2013 (Rec. Doc. 3), denying the plaintiff authorization to proceed *in forma pauperis* in this case and directing him to pay, within twenty-one (21) days, the full amount of the Court's filing fee.

On October 21, 2013, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), Magistrate Judge Richard L. Bourgeois entered an Order denying the plaintiff's motion to proceed *in forma pauperis* in this case and ordering him to pay, within 21 days, the full amount of the Court's filing fee (Rec. Doc. 3). The plaintiff was placed on notice that a failure to comply with the Court's Order "shall result in the dismissal of the plaintiff's action without further notice from the Court." *Id.* Although the plaintiff thereafter filed a "Motion for Objection" in connection with that determination, the undersigned District Judge affirmed the Magistrate Judge's Order on October 31, 2013 (Rec. Doc. 5).

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is nonetheless required to pay the full amount of the Court's filing fee over time in incremental installments. However, such incremental payments are not allowed and pauper status shall be denied where the prisoner has filed, on at least three prior occasions, actions or appeals which have been dismissed as legally baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Accordingly, pursuant to *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), and 28 U.S.C. § 1915(g), this Court denied the plaintiff's motion to proceed *in forma pauperis* and directed him to pay the full amount of the Court's filing fee within 21 days.[2] Now, a review of the record by the Court reflects that the plaintiff has failed to pay the

---

1. Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Derrick Scott v. James M. LeBlanc, et al.*, Civil Action No. 12-0239-BAJ-SCR (M.D., La.), *Derrick Scott v. Burl Cain*, Civil Action No. 12-0412-JJB-DLD (M.D., La.), and *Derrick Scott v. Officer Haney, et al.*, Civil Action No. 12-0439-JJB-DLD (M.D., La.). The first two referenced cases were dismissed because the plaintiff's Complaints made clear that he had failed to exhaust administrative remedies relative to his claims as mandated by 42 U.S.C. § 1997e. In this regard, the United States Court of Appeals for the Fifth Circuit has concluded that the dismissal of an action for failure to state a claim is appropriate when it is clear from the face of a plaintiff's Complaint that he has not exhausted administrative remedies. See *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (stating that "a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust"). In addition, such dismissals may be treated as "strikes" within the context of 28 U.S.C. § 1915(g). See *Emmett v. Ebner*, 423 Fed. Appx. 492 (5th Cir. 2011); *Martinez v. Bus Driver*, 344 Fed. Appx. 46 (5th Cir. 2009), *cert. denied*, 559 U.S. 993 (2010); *Johnson v. Kukua*, 342 Fed. Appx. 933 (5th Cir. 2009).

2. The Court has previously determined that the allegations of the plaintiff's Complaint do not meet the "imminent danger" exception contained in 28 U.S.C. § 1915(g). See Rec. Doc. 3 at note 2.

filing fee as ordered. Accordingly, the plaintiff's action is subject to dismissal for failure to pay the Court's filing fee.[3]

**IT IS ORDERED** that the above-captioned proceeding be dismissed, without prejudice, for failure of the plaintiff to pay the Court's filing fee.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 12th day of December, 2013.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

---

[3]. Although the plaintiff has filed an appeal to the United States Court of Appeals for the Fifth Circuit from this Court's interlocutory Ruling relative to pauper status, this Court nonetheless retains jurisdiction to dismiss this case. *See, e.g., Saenz v. United States*, 2013 WL 4434953 (N.D. Tex. August 19, 2013) (noting that an appeal from a non-appealable interlocutory Order "does not deprive the District Court of Jurisdiction"); *Oliver v. Profit*, 2013 WL 2182610 (N.D. Tex. May 20, 2013) (same).